IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WEATHERFORD INTERNATIONAL, § | | |
| INC. and WEATHERFORD/LAMB, INC. § | | |
| § | | |
| v. § | | NO. 2:09-CV-261-CE |
| § | | |
| HALLIBURTON ENERGY SERVICES, § | | |
| INC., ET AL § | | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiffs Weatherford International, Inc. and Weatherford/Lamb, Inc.'s (collectively "Weatherford") motions to: (1) dismiss defendant Halliburton Energy Services, Inc.'s ("Halliburton") inequitable conduct counterclaim; and (2) strike Halliburton's tenth affirmative defense (Dkt. Nos. 63 and 64). Because Halliburton has sufficiently pled its inequitable conduct counterclaim under Federal Rules of Civil Procedure 8(a)(2) and 9(b), the motions are DENIED.

## I.  BACKGROUND

Weatherford initiated this infringement suit on August 27, 2009, alleging that Halliburton and General Plastics & Composites, L.P. infringe U.S. Patent Nos. 6,712,153 ("the '153 Patent") and 7,124,831 ("the '831 Patent") – two patents related to down-hole tools used in oil and gas wells. The '153 Patent issued on March 30, 2004. The '831 Patent is a continuation of the '153 Patent, and it issued on October 24, 2006. Upon issuance, Claims 1, 18, and 41 of the '831 Patent included "support ring" limitations reciting as follows:

**Claim 1**: a support ring disposed adjacent to the setting ring before the tool is set, wherein the support ring has a smaller outer diameter than an inner diameter of the setting ring;

**Claim 18**: a support ring disposed adjacent to the setting ring before the tool is set, wherein the support ring has a smaller outer diameter than an inner diameter of the setting ring;

**Claim 41**: a support ring disposed adjacent to the selling ring before the tool is set, wherein the support ring has a smaller outer diameter than an inner diameter of the selling ring;

On March 1, 2007, Weatherford, through its attorney William B. Patterson, filed an initial Request for Certificate of Correction, which sought correction of two typographical errors in the '831 Patent. Specifically, Weatherford requested that the PTO change the words "selling" to "setting" in Claim 41. The PTO issued a Certificate of Correction to the '831 Patent on April 10, 2007.

On March 31, 2009, more than two years after issuance of the '831 Patent, Weatherford filed a second Request for Certificate of Correction, asking the PTO to change the word "inner" to "outer" in the description of the "support ring" in Claims 1, 18, and 41 of the '831 Patent. The PTO issued another Certificate of Correction to the '831 Patent on July 21, 2009. In the end, Claims 1, 18, and 41 were changed as follows:

**Claim 1**: a support ring disposed adjacent to the setting ring before the tool is set, wherein the support ring has a smaller outer diameter than an ~~inner~~ **outer** diameter of the setting ring;

**Claim 18**: a support ring disposed adjacent to the setting ring before the tool is set, wherein the support ring has a smaller outer diameter than an ~~inner~~ **outer** diameter of the setting ring;

**Claim 41**: a support ring disposed adjacent to the ~~selling~~ **setting** [First Cert. of Corr.] ring before the tool is set, wherein the support ring has a smaller outer diameter than an ~~inner~~ **outer** [Second Cert. of Corr.] diameter of the ~~selling~~ **setting** [First Cert. of Corr.] ring;

2

It is undisputed that the change made by the second Certificate of Correction broadened the scope of Claims 1, 18, and 41.

On July 23, 2010, Halliburton filed its *second* amended defenses and counterclaims (Dkt. No. 60), in which it first asserted a counterclaim alleging that the '831 Patent is unenforceable due to inequitable conduct arising from Weatherford's actions in filing the March 31, 2009 Request for Certificate of Correction. In addition, Halliburton alleged that the same conduct that renders the '831 Patent unenforceable also renders the '153 Patent unenforceable under the doctrine of infectious unenforceability. Furthermore, Halliburton asserted the defense of unenforceability arising from the same factual allegations supporting its inequitable conduct counterclaim ("Tenth Defense"). On August 26, 2010, Halliburton filed its *third* amended defenses and counterclaims (Dkt. No. 68), alleging the same inequitable conduct counterclaim with regard to the '831 Patent, but omitting its claim that the '153 Patent is unenforceable under the doctrine of infectious unenforceability. Finally, on December 7, 2010, Halliburton filed its current *fourth* amended defenses and counterclaims (Dkt. No. 95), in which it continues to allege that the '831 Patent is unenforceable because Weatherford engaged in inequitable conduct when it filed the March 31, 2009 Request for Certificate of Correction ("Third Counterclaim").[1] Halliburton's forth amended defenses and counterclaims also continues to assert the Tenth Defense.

On August 9, 2010, Weatherford filed this motion to dismiss, arguing that Halliburton's Third Counterclaim in its *second* amended defenses and counterclaims fails to satisfy the

---

[1] In its fourth amended defenses and counterclaims, Halliburton asserts other theories of unenforceability due to inequitable conduct in what is labeled the "Third Counterclaim." For convenience purposes, however, the court will refer to Halliburton's claim that the '831 Patent is invalid because Weatherford engaged in inequitable conduct when it filed the March 31, 2009 Request for Certificate of Correction as Halliburton's "Third Counterclaim."

pleading requirements of Federal Rules of Civil Procedure 8(a)(2) and 9(b). Weatherford urges the court to dismiss Halliburton's Third Counterclaim under Rule 12(b)(6). Weatherford also argues that Halliburton's Tenth Defense is insufficient under Rule 12(f) and therefore, should be stricken.[2] Because, as discussed above, Halliburton's *fourth* amended defenses and counterclaims alleges the same inequitable conduct counterclaims with regard to the '831 Patent that were initially alleged in Halliburton's *second* amended defenses and counterclaims, Weatherford's motion to dismiss is not moot. The court will reference Halliburton's *fourth* amended defenses and counterclaims in evaluating Weatherford's motion to dismiss.

## II.     LEGAL STANDARD

Although motions to dismiss are viewed with disfavor and rarely granted in the Fifth Circuit, under Rule 12(b)(6) a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). When reviewing a motion to dismiss, a court looks only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[2] Weatherford initially argued that Halliburton's Ninth Defense, alleging that the July 21, 2009 Certificate of Correction is invalid, was also insufficient under Rule 12(f). Weatherford, however, later ceased to urge this contention, and therefore, the court will not address it.

555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *id*. at 570).

Claims of inequitable conduct, however, must be pled with particularity under Rule 9(b). *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). Rule 9(b) requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* To prove unenforceability by inequitable conduct, "the alleged infringer must provide clear and convincing evidence of (1) affirmative misrepresentations of a material fact, the failure to disclose material information, or submission of false material information and (2) an intent to deceive." *Impax Labs., Inc. v. Aventis Pharms., Inc.*, 488 F.3d 1366, 1374 (Fed. Cir. 2006). For inequitable conduct, the "circumstances" that must be pled with particularity are "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009); *see also MedioStream, Inc. v. Microsoft Corp.*, No. 2:08-CV-369-CE, 2010 WL 4239196, *4 (E.D. Tex. October 27, 2010). As to the pleading standard of "knowledge" and "intent," the Federal Circuit has explained:

> although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Exergen,* 575 F.3d at 1328-29; *see also MedioStream*, 2010 WL 4239196, at *4.

## III. DISCUSSION

### a. Motion to Dismiss Halliburton's Third Counterclaim

As discussed above, in its *second* amended defenses and counterclaims, Halliburton alleged that the doctrine of infectious unenforceability rendered the '153 Patent unenforceable due to alleged inequitable conduct committed with respect to the '183 Patent. *See* Dkt. No. 60, at ¶ 84 Halliburton, however, withdrew its infectious unenforceability counterclaim in its *third* amended defenses and counterclaims and has not reasserted it in its *fourth* amended defenses and counterclaims. Therefore, Weatherford's motion to dismiss with regard to Halliburton's infectious unenforceability claim in DENIED as moot.

In the Third Counterclaim of its fourth amended defenses and counterclaims, Halliburton alleges that Weatherford, through its attorney William B. Patterson, engaged in inequitable conduct when it filed the March 31, 2009 Request for Certificate of Correction. Halliburton, therefore, alleges that the '831 Patent is unenforceable. A patentee who has made "a mistake of a clerical or typographical nature, or of minor character" may apply to the PTO for a "certificate of correction, if the correction does not involve such changes in the patent as would constitute new matter or would require re-examination." 35 U.S.C. § 255. The Federal Circuit first interpreted this statutory provision in *Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358 (Fed. Cir. 2001), in which it held that:

> if a certificate of correction broadens a claim, it is only valid if it corrects a 'clerical or typographical' error that would have been clearly evident to one of skill in the art reading the intrinsic evidence.

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1353-1354 (Fed. Cir. 2007) (discussing *Superior Fireplace*, 270 F.3d at 1373). Invalidating a certificate of correction for impermissible broadening, therefore, requires proof of two elements:

(1) the corrected claims are broader than the original claims; and (2) the presence of the clerical or typographical error, or how to correct that error, is not clearly evident to one of skill in the art. *See id.*

Where an error cannot properly be corrected under section 255 because it is not merely of a typographical nature and correction of the error would broaden the scope of the patent, the patentee must seek to correct the error under 35 U.S.C. § 251 – i.e., the patentee must request a broadening reissue. Section 251, however, has a two year statute of limitations, which runs from the grant of the original patent. *Id.*

Halliburton alleges the following background facts to support its Third Counterclaim: (1) the '831 Patent was issued on October 24, 2006 (Fourth Am. Countercl. ¶ 59); (2) after reviewing the '831 Patent for errors, Mr. William B. Patterson filed the March 1, 2007 Request for Certificate of Correction (Fourth Am. Countercl. ¶ 119); (3) the March 1, 2007 request did not identify any errors with the use of the word "inner" in Claims 1, 18, and 41 of the '831 Patent (Fourth Am. Countercl. ¶ 120); (4) over two years later, on March 31, 2009, Mr. Patterson filed a second Request for Certificate of Correction to change the word "inner" to "outer" in Claims 1, 18, and 41 of the '831 Patent (Fourth Am. Countercl. ¶ 110, 120); and (5) March 31, 2009 falls outside the two-year statute of limitations in which a broadening reissue for the '831 Patent could have been requested (Fourth Am. Countercl. ¶ 111).

Halliburton then goes on to allege the following facts in support of its allegation that the second, July 21, 2009, Certificate of Correction issued by the PTO is invalid: (1) the original language of Claims 1, 18, and 41 of the '831 Patent were not misspelled, nor did they read illogically (Fourth Am. Countercl. ¶¶ 113-14); (2) the change requested by Mr. Patterson in the second Request for Certificate of Correction broadened the scope of Claims 1, 18, and 41 of the

'831 Patent (Fourth Am. Countercl. ¶ 116); and (3) the proposed change, however, was not of a typographical nature and did not involve an alleged error that was clearly evident to one of skill in the art (Fourth Am. Countercl. ¶¶ 115, 117-18).

Finally, Halliburton alleges the following facts in support of its contention that Weatherford, through Mr. Patterson, committed inequitable conduct in submitting the March 31, 2009 Request for Certificate of Correction: (1) as a registered patent attorney, Mr. Patterson was aware of the two-year statute of limitations pertaining to reissue patents (Fourth Am. Countercl. ¶¶ 102-109); (2) Mr. Patterson was also aware of the rules and procedures associated with obtaining a certificate of correction (Fourth Am. Countercl. ¶¶ 102-09); (3) Mr. Patterson knew that the only proper method to obtain the result of changing the word "inner" to "outer" was a broadening reissue, which he also knew was unavailable because too much time had elapsed since the '831 Patent issued (Fourth Am. Countercl. ¶¶ 122-23); (4) as such, Mr. Patterson intended to deceive the PTO by using an improper procedure to broaden the scope of the claims of '831 Patent under the guise of a typographical error involving an inadvertent transposition of words (Fourth Am. Countercl. ¶¶ 124-25); and (5) finally, Mr. Patterson's actions were material to obtaining the July 21, 2009 Certificate of Correction and violated his duty of candor and fair dealings with the PTO (Fourth Am. Countercl. ¶ 126).

Considering these allegations, the court concludes that Halliburton has pled it Third Counterclaim with the particularity required by Rules 8(a)(2) and 9(b) and has met the heightened pleading standard of *Exergen*. First, Halliburton pled sufficient facts under Rule 8(a)(2) to support its allegation that the March 31, 2009 Request for Certificate of Correction is invalid. Neither party quibbles over whether Halliburton sufficiently pled the first element of the test for invalidating a certificate of correction – i.e., that the corrected claims are broader than the

original claims.  Weatherford, however, argues that Halliburton has not pled facts sufficient to establish the second element of the test – i.e., that the presence of the clerical or typographical error, or how to correct that error, is not clearly evident to one of skill in the art.  Halliburton alleges that, before the March 31, 2009 Request for Certificate of Correction was filed, the language of Claims 1, 18, and 41 of the '831 Patent read logically and there were no misspellings in the claims.  Furthermore, Halliburton's allegations explain that if the error was "clearly evident" to one of skill in the art, it should not have taken Weatherford more than two years to recognize the error and correct it.  According to Halliburton, this is particularly true in light of the fact that the PTO issued an earlier certificate of correction that corrected different aspects of the same claims that were later corrected by the March 31, 2009 Request for Certificate of Correction.  The court concludes that these allegations are not merely "labels and conclusions" – rather, these allegations "state a claim to relief that is plausible on its face."   *Twombly*, 550 U.S. at 557.

Second, Halliburton has alleged sufficient facts under Rule 9(b) and *Exergen* to supports its claim of inequitable conduct.  Halliburton identified at least one individual (Mr. William B. Patterson) who knew of the falsity of an alleged material misrepresentation made to the PTO.  Furthermore, Halliburton did not simply allege that Mr. Patterson intended to deceive the PTO and nothing more.  Rather, Halliburton specifically alleged multiple facts in its counterclaim that evidence Mr. Patterson's intent to deceive.  Halliburton alleged that Mr. Patterson, a registered patent attorney, knew that the proper method for changing the word "inner" to "outer" was to obtain a broadening reissue under section 251.  But, according to Halliburton, Mr. Patterson also knew he could not obtain a broadening reissue under section 251 because the two-year statute of limitations had run.  So, instead, Halliburton alleges that Mr. Patterson misrepresented to the

9

PTO that he sought to correct merely a typographical error involving the inadvertent transposition of words. This misrepresentation, according to Halliburton, was material to the PTO's decision to issue the July 21, 2009 Certificate of Correction. From these allegations, the court can reasonably infer: (1) that Mr. Patterson knew that the alleged error he sought to correct by the March 31, 2009 Request for Certificate of Correction was not, as claimed, merely a typographical error; and (2) that Mr. Patterson misrepresented the error to be merely typographical with the specific intent to deceive the PTO so that they would issue the requested certificate of correction. *Exergen,* 575 F.3d at 1328-29. Therefore, Halliburton sufficiently pled its inequitable conduct counterclaim under both Rule 9(b) and the heightened pleading standard of *Exergen*.

In conclusion, the court DENIES Weatherford's Rule 12(b)(6) motion to dismiss Halliburton's Third Counterclaim because Halliburton's allegations meet the pleading standards required by Rules 8(a)(2) and 9(b).

### b. Motion to Strike Halliburton's Tenth Defense

Halliburton's Tenth Defense alleges that Weatherford cannot enforce the '831 Patent due to inequitable conduct. As admitted by Weatherford, its motion to strike Halliburton's Tenth Defense under Rule 12(f) derives from, and necessarily relies on, its argument that Halliburton's Third Counterclaim is not sufficiently pled under Rules 8(a)(2) and 9(b). As explained above, the court has concluded otherwise, and therefore, Weatherford's motion to strike is DENIED. *See Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (explaining that motions to strike are a "drastic remedy to be resorted to only when required for the purposes of justice…."); *Fed. Deposit Ins. Corp. v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993) ("Both because striking a portion of a pleading is a drastic remedy, and

because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.").

## IV. CONCLUSION

Under Rules 8(a)(2) and 9(b), Halliburton has sufficiently pled its Third Counterclaim, alleging unenforceability due to inequitable conduct committed in filing the March 31, 2009 Request for Certificate of Correction. The court, therefore, DENIES Weatherford's motion to dismiss Halliburton's Third Counterclaim and motion to strike Halliburton's Tenth Defense. Furthermore, the court DENIES Weatherford's motion to dismiss Halliburton's infectious unenforceability counterclaim as moot.

SIGNED this 14th day of March, 2011.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE